# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                          Telephone: (212) 317-1200
New York, New York 10165                              Facsimile: (212) 317-1620
————

jandrophy@faillacelaw.com

October 30, 2019

**VIA ECF**
Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: Re: Medina Ortiz et al v. 157 Matanza Deli Grocery Inc. et al
      Case No. 19-cv-05405-VEC

Dear Judge Caproni:

   This office represents Plaintiff Juan Ernesto Medina Ortiz in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions in a mediation held through the Court's mediation program. A copy of the Agreement is attached hereto as Exhibit A." We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House_, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

### 1. **Background**

   Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, recovery of equipment costs, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq._ (FLSA), and alleged unpaid minimum and overtime wages, spread-of-hours wages, liquidated damages, recovery of equipment costs, statutory damages, attorneys' fees, and costs pursuant to various provisions of the New York Labor Law, including the New York Minimum Wage Act, N.Y. Lab. Law § 650 _et seq._, and the wage notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

_Certified as a minority-owned business in the State of New York_

Page 2

Specifically, Plaintiff is a former employee of the Defendants, who operated a deli under the name 157 Matanza Deli Grocery. Plaintiff alleges he was paid a fixed weekly salary by Defendants that failed to appropriately compensate him for overtime, and that he regularly worked approximately 50 to 59 hours per week.

Defendants denied the allegations.

## 2. **Settlement Terms**

Plaintiff claimed that he would be entitled to damages of approximately $108,000.00 if all of his allegations as to hours and pay were accepted and he recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff estimates his unpaid overtime wages would constitute $44,370 of this amount.

The parties have agreed to settle this action for the total sum of $44,000.00. Plaintiff himself will receive $28,920.67 of the settlement amount. The settlement will be paid via three payments, with a payment of $20,000 due 30 days after court approval, and payments of $12,000 each being paid within 60 and 90 days of approval. Defendants will provide post-dated checks for the second and third payments at or before the time of the first payment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Page 3

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Specifically, Defendants contested Plaintiff's allegations regarding the number of hours worked. Defendants also consistently argued that Plaintiff would be challenged to collect any amount in judgment enforcement proceedings. As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $15,079.33 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation after costs, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiff's recovery will be retained by the firm.

While the amount Plaintiff's counsel will receive is more than their lodestar,[1] it is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively

---

[1] Plaintiff's counsel's time records are attached as Exhibit B.

Page 4

low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.  A brief biography of each attorney who performed billed work in this matter is as follows:

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  It is indicated by the initials "MF." Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

     ii.     Joshua Androphy, senior attorney at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00.  This is the actual rate he is billed at for matters he works on for which we bill clients on an hourly basis, including wage and hour defense cases.  Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.  Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.

While the lodestar amount is less than the amount Plaintiff's attorneys will receive from the settlement, Plaintiff's attorneys should not have their contingency award reduced based on their efficient work to bring this action to a resolution.  In this action, Plaintiff's attorneys were able to resolve the action early at a pre-discovery mediation, as it was evident that Defendants had no relevant records and that document discovery would be essentially meaningless. Rather than engage in wasteful and time-consuming paper discovery, Plaintiff's attorneys pursued settlement at an early mediation "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.  Plaintiff's attorneys should be allowed to receive the agreed-upon contingency

Page 5

fee, rather than have that reduced as a result of their willingness and ability to negotiate a fair

settlement at an early stage of the litigation and forego unnecessary discovery.

Should Your Honor have any questions or concerns regarding this settlement, the parties

are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Joshua S. Androphy
Joshua S. Androphy
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Encls.

Cc: Defendants' counsel (Via ECF)