```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JUAN ERNESTO MEDINA ORTIZ, *individually
and on behalf of others similarly situated*,

                              Plaintiff,

          -against-

157 MATANZA DELI GROCERY INC., *d/b/a
157 Matanza Deli Grocery*; LUIS MELO; JOSE
MIGUEL ORTIZ; JUAN CARLOS ORTIZ,

                             Defendants.
-------------------------------------------------------------- X

19-CV-5405 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS counsel for the parties submitted a proposed settlement agreement, *see* Dkt. 28, for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

       WHEREAS the proposed settlement provides for a total recovery of $44,000, with slightly more than a third of the recovery ($15,079.34) awarded to Plaintiff's counsel for fees and costs, *see* Dkts. 28 at 2, 28-1 at 1–3;

       WHEREAS Plaintiffs' counsel's requested fee is approximately three times counsel's lodestar amount based on counsel's billing rates, time entries, and costs, which the Court has reviewed and finds reasonable, *see* Dkt. 28-2;

       WHEREAS the last paragraph of paragraph one of the proposed agreement appears to be missing language ("The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff Medina's hereby irrevocably and unconditionally releases counsel"), Dkt. 28-1 at 2;

WHEREAS the last paragraph of paragraph one of the proposed agreement appears to refer to "Plaintiff Medina's counsel's escrow account" when it should refer to Defendant's bank account, *see* Dkt. 28-1 at 2; and

WHEREAS the proposed agreement contains non-disparagement and non-publicity provisions that forbid the parties from contacting the press, limit how the parties may respond to the press, and forbid the parties from utilizing social media to discuss this action or the settlement *see* Dkt. 28-1 at 3;

IT IS HEREBY ORDERED that the proposed settlement agreement is not approved as fair and reasonable at this time because of its drafting errors and non-disparagement/non-publicity provisions. The Court finds to be unfair the agreement's attempt to limit and compel the content of the parties' speech, including the requirement that parties respond to any press inquiries by "only advis[ing the press] of the existence of [this confidentiality] provision" and stating "that the Parties have resolved the matter to their mutual satisfaction." Dkt. 28-1 at 3.

IT IS FURTHER ORDERED that the parties submit, no later than **December 6, 2019**, a revised settlement agreement that is consistent with this Order. Namely, the Court is unlikely to approve any agreement that restrains Plaintiffs from making truthful statements (whether on social media or to the press, regardless of whether a third-party initiated the inquiry).

**SO ORDERED.**

Date: **November 15, 2019**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**